Matthew E. Pollack, Jr. v. Regional School Unit 75 Good morning, Your Honors. Richard O'Mara, on behalf of the appellants, Mr. Pollack, is calling in on behalf of their son, Ben. With the Court's permission, I'd like to reserve three minutes for rebuttal. You may. This is a case under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Could we go a little closer to you, please? Excuse me? Go ahead, Mike. A little closer? Sure. Is that better? Yes. This is a case under the ADA and Section 504. And the ADA requires, unlike the Individuals with Disabilities Education Act, equal opportunity for a child to enjoy the benefits of public education, equal to that of non-disabled peers. Are you basically arguing that the parents in this case have a right under the statute, regardless of what the community through the IDA has decided through the process there, that they still have an absolutely separate right to force the school district to allow the son to carry this recording device? Right. The claim is on behalf of the child, so it's the child's right. But the child's right under the ADA and Section 504 stands independent of the claim under the IDEA. The KM v. Tustin Unified School District case out of the Ninth Circuit made that clear four years ago. That was a case where the student lost the accommodation request under the IDEA and got the exact same accommodation for actual real-time transcription services, far more than what the parents are asking for here, under the ADA. And the Supreme Court, this last term in the Frye case, has said that there are cases under the IDEA that you could ask for an accommodation, but you don't have to. If it's available under the ADA, you don't even have to exhaust anymore. This case arose, and all this exhaustion that occurred, which was exhausting, occurred because before Frye, we didn't have that ruling. But once you had the hearing under the IDEA, and there was an adverse finding that it was not in the child's interest to carry this device that would affect his ability to have a free, appropriate public education, doesn't that, or shouldn't that end the matter? No. Because he's had a hearing on it. No, it doesn't end the matter, because first of all, the finding that the, and you're talking about a state-appointed hearing officer with a very limited mandate. Her sole job is to determine free, appropriate public education, and the standard is not the same as under the ADA. So she wasn't looking at the issue of whether Ben was able to have an equal opportunity to enjoy the benefits of public school. Let me drill into that, because I thought that although the ultimate legal standard is different, what seemed to be clearly at issue is to what extent would having the device benefit the child. That seemed to be relevant to the issue before hearing exam or Broder, I think it was. And as I understand it, Broder, hearing exam or Broder, then find there would be no benefit to the child. Why isn't that factual finding, which seems to have been contested in that proceeding, collaterally binding in this proceeding? Because she wasn't looking at the benefit that the parents are asking for the device for. In other words, this is a student who doesn't have an opportunity to enjoy all the benefits that his non-disabled peers have of being able to communicate about school with his parents. He can't even answer a question that's asked by his parents of what happened at school today. And so the ADA looks at it much more broadly and says, is the child able to enjoy the full benefits equal to that of non-disabled students without an accommodation? The evidence before, and I may be mixing up the proceedings, but I don't think I am. I thought before hearing exam or Broder, the case on behalf of the child was advanced precisely what you just said, that the parents would be able to know what happened. They made that argument, but that wasn't the legal issue. The legal issue was that he needed to advance educationally. Yes, you have an ultimate legal issue, but then you need to find a fact. And the fact is, would it benefit him or not? And that would be then relevant to that legal issue. Collateral estoppel isn't limited to where the legal issues are identical. The same fact can dictate the resolution of one legal issue as well as another. Isn't that what we have here? No, she never found as a fact that having the accommodation would somehow not be of benefit to the student in communicating with his parents. What she found was that it wasn't necessary for a fully appropriate public education and that there was a potential that it might disrupt his education. I think she actually said it would not be effective. Excuse me? I think the finding was that it was not effective and could actually harm the child. Right, not effective in advancing his education, she said. He doesn't need it to advance his educational gains. But then under your other claim, under the reasonable accommodation claim, don't you also need to show that it would be effective to the extent of allowing the person to have a better opportunity to obtain the services, the child, to get the services? Absolutely. So if it's not effective, how is it doing that? She's saying it's not necessary to gain educationally, but school services include the full panoply. Students come home and talk to their parents about what their teachers say, about interactions with other students, about bullying, about ineffective instruction, about their homework, about a number of things that Ben can't talk to his parents about. And that's the issue the ADA looks at. The IDEA is looking at a very narrow issue of whether he needs that and whether it would be effective in advancing his goals on his IEP, his instructional progress. Let's say one agreed with you on that point, or disagreed with you. Did the hearing examiner separately find that the IDEA claim failed because the evidence showed he was getting a FAPE without this? Yes, she says that first. Okay, given that, it seems we've got at least one holding on that score. But clearly, at least it seems to me, it doesn't speak to the ADA issue. That's absolutely correct. So then there's a separate finding, which may or may not be subject to a conclusion that that finding bears on the ADA issue, particularly the finding about whether it would be detrimental. Right. It's a little hard for me to see how the ADA claim can go forward when the thing being requested is detrimental to the education that the child is seeking. You may disagree with that. I do. Okay. But even if you didn't disagree with it, what is the significance from your perspective as to the issue conclusion issue of the fact that there is an independent finding that the IDEA claim fails simply because a FAPE was being provided and could be provided without this benefit? Right. That has no effect at all on the ADA issue. What is the consequence for issue conclusion when we have two independent holdings or two independent fact findings, one of which is clearly not relevant to the ADA issue and one of which, humor me, is relevant to the ADA issue? As I understand it, they cite the restatement, section 27, to say in that circumstance it still can be issue conclusion. Okay. We disagree with that because when you look at everything after the actual holding in her case as dicta, it really goes beyond what she needed to find. It's not responsive to their point that under the restatement, when you have independent things, one of which you call dicta if you want, it still can be preclusive. So what is your response to that point? I take it it's got to be responsive about how Maine law treats issue preclusion and how Maine law treats section 27 of the restatement. It has to be an issue that's been decided that was central to the findings of the hearing office. It could be an issue that was central. It just also was independent of another issue that was central. So what is supposed to happen in that circumstance? Does that mean it can't be preclusive or it can be? Isn't that just a question of Maine law of issue preclusion? It is. What does Maine law say on that? You're the one trying to address it. First it looks to see whether it's the identical issue and it's not the identical issue. The issue under the ADA is not identical to the question. Do you have a case that says Maine rejects section 27 of the restatement? No, no. Do you have a case? Does Maine generally rely on the restatement for issue preclusion? Sometimes it does, yes. So why would we think that Maine would reject section 27's view of the restatement of issue preclusion when it normally relies on the restatement in applying issue preclusion? Because there are other reasons for rejecting it besides what's in section 27. It has to be an identical issue to the one that is being tried or we're trying to try in this case that was pending before the federal court. That's fine if you want to make that. I take it that is a point about whether the other finding about benefit and detrimental bears on the ADA issue and I understand that issue. I'm trying to isolate a different point. If I disagree with you on that and I think that finding on detriment is a problem for you under issue preclusion if it's the only issue decided, what is the significance of the fact that there was a separate finding about the fate that is not preclusive on the ADA issue? That seems to me that's just a question about how issue preclusion works under Maine law. They say under Maine law it follows the restatement. And section 27 says when you have independent findings like that it still can be preclusive. I'm trying to get a sense from you why under Maine law they're wrong. The Maine cases say that you have to have facts found without proof of which the decision could not have been rendered. That's the Sewell case. So the second part that goes beyond her findings are not required for the decision that she made. And since they go beyond what was necessary to make the finding we don't think they're relevant. Should we presume Maine follows restatement section 27 or not? I don't think you need to presume that. I think there's Maine case law talking about the fact that the prior decision needed to rest on the issue. Do you have a position on whether Maine follows restatement section 27 or not? I don't think it's been firmly decided, Your Honor. So you're not taking a position? I'm not taking a position. I'm saying that the Maine cases that exist say that the facts without proof of which the prior decision could not have been reached, those are the ones where there's issue preclusion and not ones that go beyond that. Did you argue that below? Yes. Was the restatement 27 issue raised below to the district court? It was cited in the brief, yes. By the? By the appellee. And what did you say back in your briefing below to the district court? We cited cases showing that that was not a necessary finding for the hearing officer. Thank you. Please declare. Nathaniel Bessie on behalf of School Administrative District 75. The appellant's claim of discrimination is barred by the factual findings of an administrative proceeding that has not been appealed. It was found below and was not appealed that the device will negatively impact the BP's education. It will interfere with his ability to receive the FAPE. There is no benefit. Can I just ask him, just practically speaking, why would you appeal that if you had already lost on a separate ground that there was no FAPE? Your Honor, those issues were the... I think you have to agree. You could find no FAPE for reasons that have nothing to do with whether there might be some benefit or whether this would be harmful to have. Because you just would say he seems without it to have gotten the FAPE. That was the argument the school district made to the IDA examiner. Your Honor, the reason is that the decision that was rendered contains essential findings to the decision. I get that. It has all those findings. One of which is, wholly apart from whether this is detrimental, you were able to get a FAPE, the student was able to get a FAPE, without this benefit. Yes, Your Honor. Okay. Once that finding is made, why would I necessarily appeal the other finding? Your Honor, the finding... Your Honor, I agree that... So now you're saying that what's preclusive is this other finding that was made in that proceeding, which the party doesn't seem to have any incentive to challenge. Because they might think, well, actually I just lost on that other issue and I've got no good argument against it. So you're holding as preclusive this separate finding. And I just don't follow. Why would that make sense? Your Honor, the issue is that the appellants have chosen, they've directed this litigation throughout. They have brought the claims, brought the cases. They have chosen how to present their claims. As they argued to this circuit a year ago, no important stone was left unturned and all parties had their say on all reasons for the recording device. And so the consequence of not appealing is that the factual determinations that have been made, that have been actually litigated, and for which the parties had a full and fair opportunity, are preclusive. They brought an IDA claim. Yes. Right? And in the IDA claim, they had to show they were not getting a fake. Yes, Your Honor. Right? You said back, the school district said back, you are getting a fake, whether you get this recording device or not. Because just look at all the benefits that you've gotten. You didn't need it for the fake. The argument that was made below in the IDA due process hearing, Your Honor. Didn't the school district make that argument? When I just said? Yes, Your Honor, they made that argument. And the response back from the child was presumably, I didn't get a fake. Despite all the things the school district pointed out about how good the education was without the recording device. Your Honor, among the evidence that was presented and among the arguments that were made was that this was necessary for a fake in order to enable the type of advocacy and communication that the appellants are arguing for now. Did the school district argue, putting that aside, you can just look and see how good an education the child got without it to find no fake? Throughout this, since 2012, part of the claim, part of the school district's defense has always been that communications are provided, extensive information is provided to this family. And so those issues, the issues of communication, the issues of informed advocacy, which are central parts of the IDEA, although they're not mentioned in the discrimination laws, that those have been fulfilled adequately. That the family has had extensive participation. They have not been inhibited in their advocacy. And so that has been a crucial and central fact, factual issue of dispute throughout this litigation. So are you saying that the finding that he received a fake, that it's relevant to that finding, that the court found that having the device would not provide any effective benefit? Yes, Your Honor. Explain to us exactly what the nexus is. How the finding that it was not the effective and even could be detrimental was relevant to the finding that he received a fake? The fake theory has been that without this device, the family cannot advocate for their son. And that has been, it was disputed vigorously and litigated vigorously. And at every turn, the district has prevailed. And the finding that there is a finding both that the child has progressed and made adequate educational progress. In fact, it has been conceded by the family that the child is making good progress. Could that be true even if it would be beneficial to record? Could it be true that he has made effective progress educationally, even if it would be beneficial to him to record? I assume you said yes below, right? Yes, Your Honor. Because that would seem helpful to the school district to make that argument. Certainly, the school district has always contended and always shown and demonstrated, in fact, proven that the child below has made educational progress. Even if having the recording device might provide some benefit? Additional benefit, I assume you mean. Certainly. I think additional benefit is a key question there because, in fact, the finding was it would provide no benefit. It would provide a negative benefit. So if there were a… I understand that. But did the school district argue that even if it might provide some additional benefit, he still got a fake? The school district would argue under the IDEA that he has received a fake because he has received… I think the question was… Yes. Maybe he just refers to the record, but did the school district argue below that even if the device would have made his experience more effective, would have been effective to some degree along the way the parents were saying it doesn't matter because he still got a fake? Did you or did you not, or don't you recall, make that argument? I don't believe we made it in those precise terms. I don't believe we made it even assuming arguendo that this device would have a great benefit we provided. But we have stated the fake standard. The reason why I'm harping on it is because if the IDEA examiner made an independent finding that he got a fake, regardless of whether there might be some benefit to having the recording device, it's hard to see how that finding could be preclusive of the ADA claim. Even though one might see how the finding is detrimental, which was also made, could be preclusive. But if that's right, that raises the question of whether Section 27 of the restatement that you identify matters to the case or not. Do you follow? Yes, Your Honor. So I believe that both Section 27 and the First Circuit's decision in the Manganello v. Evanston insurance case is directly on point for this issue. In that case, there were two findings. And the question was whether or not the former owner of a company had willfully violated sexual harassment policy. And if he had stayed on for three years and didn't willfully violate the policy, he was going to get an extra $7 million. In fact, it was found that he did willfully violate the policy, but it was not provided with sufficient notice. And so he got his $7 million. But then the finding on willful violation, although not necessary to reach an arbitration award that gave him his $7 million, was preclusive, issued preclusive on that factual matter when the question of coverage arose for defense for the sexual harassment. And was that a Maine law case? That was a case here, and there was a dispute in that case between whether it should be Massachusetts law or federal law. So it was not a Maine law case? No, Your Honor. And the relevant question here is what is Maine law of issue preclusion, correct? Yes, Your Honor. I believe that in this case, the Maine law and federal law, there would not be a material difference between the two cases of issue preclusion because we have the identical factual issue, and the crucial matter is there was a full and fair opportunity to litigate the issues. The argument we're sort of getting at is if you have litigation number one ends with a judgment against you on two entirely independent grounds, A and B, and if you don't appeal, is either one of those grounds, the factual basis for either one of those grounds, binding on you? Or, in fact, can you argue that, well, I had no incentive to appeal A because B was sufficient, and similarly you could have said I had no incentive to litigate to appeal B because A was sufficient. Did this issue ever come up in the district court proceeding? In other words, was this threshed out in the district court proceeding? Was this argument not simply raised? I don't believe the argument was raised in greater depth in the district court than has been raised in the briefs here, Your Honor. How deeply do you think it's been raised here? I believe the issue, as we see it, is that both of those factual findings, because they were litigated, because there was a full and fair opportunity and incentive to litigate them, and because, in fact, factual findings were made specific to those issues, that both of them should be given issue preclusive effect. So, to some extent, this issue has been alive since the young man was, I believe, 12 years old, 13 years old. He's now 18 or 19. He ages out of this program in two years, as I understand it. And throughout this time, I think your position is everyone who's looked at it says he's gotten, made great progress, the parents agree he's made great progress. And so, in the final analysis, you're saying, look, this issue has been around for a long time. It hasn't affected him. Well, that is certainly part of it. Frankly, the district, for policy reasons, believes that it would be detrimental to him, to the student, and it would be detrimental to the other students as well in the school. And so, this type of an all-day, every-day, pervasive recording does not have a benefit in terms of the student's receipt of education, participation in programs, aids, or services, the specific things that the discrimination law protects. But just so I understand, am I right, there's no finding by the district court on that point, apart from the issue preclusion finding? It's not as if the district court independently reviewed the record and made that determination that this is not an ADA violation because it would be detrimental. The only thing we have is a finding that the IDA examiner made that, and there's issue preclusion. Is that right? Regarding detriment, Your Honor? In terms of the finding that we have, I apologize, Your Honor, what was that? You were just making an argument about how the position of the school district has always been that it's detrimental and it would be problematic to give it. We don't have the district court making its own finding to that effect. We only have the district court saying you lose on the ADA claim because, A, if you rely on this regulation, the regulation doesn't apply, and, B, if you rely on something more than the regulation, or maybe if you rely on the regulation, there's issue preclusion. Yes, Your Honor. So the district court had recognized the finding of the hearing officer. We contend that also the jury's finding, if we had a First Amendment trial and a jury's finding that the district had carried its burden of a defense of showing a reasonable forecast of substantial interference with school activities or material disruption of school activities for substantial interference with the rights of other students to be secure and to be let alone, that finding for what it is also. Did the district court rely on that? No, the summary judgment predates the jury's verdict. Your Honor, the special verdict form. And I would like to emphasize a point that you made, Your Honor, which is that another ground for this is the definition of a benefit of what is being provided. The school district is providing educational services, participation in class, transportation, et cetera. These are the types of things that are provided to all students that reside in the district. And so to hold as the appellant's urge that the effective communication regulation or the ADA requires an accommodation of communications that do not take place in schools, specifically between a child and his parents outside of school, based upon sort of an assumption about what the subject matter of those conversations would be, would really stretch the ADA in 504 beyond the text of those statutes. And, again, in terms of talking about the importance of parental participation, advocacy, informed advocacy, the IDEA provides substantial procedural safeguards, and IDEA has been multiple times it has been affirmed that those have been provided to the family. If I understand it correctly, the district court applied the collateral estoppel to the reasonable accommodation claim. If that were correct, is there any reason it wouldn't apply equally to at least a claim under B-1 of the communications claim? Well, Your Honor, the effective communications regulation is an implementing regulation, so it is referring to the types of accommodations that should be provided in order to enable participation in the meaningful access to the programs, services, and aids of a public entity. So the finding that it – and, in fact, the district court said in a footnote, I believe, that whether or not the effective communication regulation applied, that finding of no benefit, that it would have a negative impact, means it is impossible to establish this is a necessary accommodation to achieve equal access to the programs. Thank you, Your Honor. Let me begin by going back to what you were asking me when I sat down, which is Section 27 of the statement. We did cite page 12 of our reply brief, the Beal v. Chisholm case for Maine, which does reference Section 27 of the statement, and it says – it looks at comment H, and it says, if issues are determined but the judgment is not dependent upon that determination, re-litigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta. And then on the appellate issue, whether the review was sought, page 19 of our reply brief, we cite to Section 28 of the restatement, and that says that because of the effect on the ability of a party to obtain review of a finding, if there was an alternative determination adequate to support the judgment, which there was in this case, the rule of Section 27 does not apply. So we don't think Section 27 forecloses us in this case. So going – I think the predicate for that last point about Rule 28 would be – a possible predicate – would be if the no-fake finding was made on the understanding that there was a fake provided, even if the recorder would have been some benefit. Correct. Will the record show that? Yes, the record will actually show that the parents at the due process hearing for IDEA did not contest that the student was not receiving a fake. They were asking for something different. They were asking for the ADA rights. This case started as an ADA case. It's had the ADA as the core throughout. The problem has been this exhaustion provision. 20 U.S.C. Section 1415L forced them, and the district court forced them, to raise an IDEA claim when they didn't want to. They wanted to proceed under the ADA. Under FRI now, the Supreme Court says you don't have to do that. But that didn't exist when they were going through the system. And so they went to two different due process hearings, making different IDEA arguments trying to satisfy the district court's requirement for exhaustion. So at that time, to exhaust, if you wanted to appeal that, would you have had to appeal both findings? You would have had to appeal – well, it's not really an appeal. You'd have to ask the district court to do judicial review of the decision that the hearing officer made, and you'd have to get over both findings to do that, right? And then just to respond briefly to what Mr. Bessie said about benefits, we're not saying that there's some special benefit in being able to speak to your parents. We're using the language that's in both the general ADA reg and the effective communication reg that students with disabilities are entitled to an equal opportunity to enjoy the benefits. And our point is, students who don't have disabilities are able to talk to their parents about anything that happens at school. Ben is not. He does not have an equal opportunity to enjoy the benefits that are before him at public school. Thank you. Thank you. The court will now take a five-minute break for the next case.